IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHAD STANTON,

                *Plaintiff,*

v.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS,

                *Defendant.*

Civil Action No. 2:22-cv-1001

Hon. William S. Stickman IV
Hon. Maureen P. Kelly

## ORDER OF COURT

Plaintiff Chad Stanton ("Plaintiff") commenced this counseled wrongful termination action on July 8, 2022, by filing Plaintiffs' Complaint ("Complaint") against the Commonwealth of Pennsylvania Department of Corrections ("DOC"). (ECF No. 1). On October 24, 2022, Magistrate Judge Maureen P. Kelly issued an order to show cause why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") for failure to serve the Complaint within ninety days. (ECF No. 4). Plaintiff filed no response to the Order to Show Cause, and despite obtaining a summons, no valid service was docketed. Therefore, on January 13, 2023, Magistrate Judge Kelly issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice pursuant to Rule 4(m). (ECF No. 7).

Plaintiff was given the opportunity to file objections to Magistrate Judge Kelly's Report and Recommendation, and he did so. (ECF No. 9). Counsel for Plaintiff claims:

> the complaint, summons and all supporting documents were served November 1, 2022 on all Defendants per the Federal Rules of Civil Procedure and the U.S. Post Office reported the complaint summons and supporting documents were delivered to the PA Attorney General Josh Shapiro's office on November 3, 2022 and by the Pennsylvania Department of Corrections Secretary George Little's office on November 7, 2022.

1

(*Id.* at 3). He also states that he "filed the necessary Certificate of Service on January 16, 2023 on review of the U.S. Post Office confirmation of delivery of documents." (*Id.*).

The Court, after its independent *de novo* review of the entire record, ADOPTS Magistrate Judge Kelly's Report and Recommendation (ECF No. 7) as its Opinion. It concurs with her thorough legal analysis of Rule 4(m), her legal conclusions, and her recommendations. It has independently reached the same legal conclusions.

Plaintiff's Certificate of Service (ECF No. 8), filed three days after Magistrate Judge Kelly issued her Report and Recommendation, indicates that service was mailed "by United States First Class Mail containing a return address with return service requested." (ECF No. 8, p. 1). Plaintiff has not complied with Federal or Pennsylvania rules governing service of process and, therefore, has not effectuated legally operative service against the Commonwealth.

Under the Federal Rules of Civil Procedure, service on a state or its agencies must be accomplished by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Subsection (A) makes no room for service by mail. Subsection (B) looks to the Pennsylvania law governing service, which provides:

> Service of original process upon the Commonwealth or an officer of the Commonwealth, or a department, board, commission or instrumentality of the Commonwealth, or a member thereof, shall be made at the office of the defendant *and* the office of the attorney general by handing a copy to the person in charge thereof.

Pa. R. Civ. P. 422(a) (emphasis added). Pennsylvania Rule of Civil Procedure 422(a) ("Pennsylvania Rule 422(a)") requires that service be made in person. It, likewise, makes no room for service by mail.

The issue here was addressed by the United States District Court for the Middle District of Pennsylvania in *Dougherty v. Dupes*, No. 1:17-CV-01541-JFC, 2018 WL 1696651 (M.D. Pa. Apr. 6, 2018). The district court noted that the plain language of the federal and state rules does not permit service to be effectuated by mail:

> sending the summons and complaint to the Pennsylvania Attorney General by mail would not effect service of process upon any of the Commonwealth defendants because: 1) Rule 4(j)(2)(A) requires service upon a state party by **delivering**, and not mailing, a copy of the summons and complaint; 2) the Pennsylvania procedure for service, as incorporated into Federal Rule of Civil Procedure 4(j)(2)(B), does not permit original service of process by mail upon the Commonwealth of Pennsylvania or upon an officer, department, board, commission or instrumentality of the Commonwealth, or a member thereof; 3) Pennsylvania law requires service of process upon these defendants made at the office of the particular Commonwealth defendant **and** made at the office of the Pennsylvania Attorney General under Pennsylvania Rule 422.

*Id.* at *12 (emphasis added). It is unmistakably the case that under either federal or state law service of original process on the Commonwealth or its agencies must be accomplished by delivering or handing the summons and complaint to the defendant's designated representative(s); service by mail is not permitted.

Plaintiff's attempt at service was legally ineffective. He does not purport to have delivered the summons and Complaint to the DOC or the office of the attorney general, in accordance with Rule 4(j)(2)(A). He does not purport to have handed the summons and Complaint to a person in charge of the office of the DOC or the office of the attorney general, in accordance with Rule 4(j)(2)(B) and Pennsylvania Rule 422(a). Plaintiff has failed to make

proper service of the Complaint and summons.[1]  Since the DOC was not properly served within ninety days of the Complaint being filed, the Court "must dismiss the action without prejudice against that defendant […]." Fed. R. Civ. P. 4(m).  For these reasons, the Court hereby OVERRULES Plaintiff's Objections (ECF No. 9).

AND NOW, this  23  day of January 2023, IT IS HEREBY ORDERED that Plaintiff's Complaint (ECF No. 1) is *sua sponte* DISMISSED WITHOUT PREDJUDICE pursuant to Federal Rule of Civil Procedure 4(m).

The Clerk of Court is to mark this CASE CLOSED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] This is a counseled case, and that means the adherence to rules of procedure, and a reasonable application of those rules, is the duty of counsel.  What has occurred wastes valuable court time and falls short of what is required of attorneys in this Court.